# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 2:15CR00018-003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JULIO CESAR ORTIZ, | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Julio Cesar Ortiz, Pro Se Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant ineligible for relief and I will deny the motion.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five

grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

The defendant was first indicted in this court on November 9, 2015. On December 14, 2015, a Second Superseding Indictment was returned against the defendant, charging him with conspiring to distribute and possess with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 846(b)(1)(A), and 841(b)(1)(C). The defendant pleaded guilty to this charge pursuant to a written plea agreement. On January 5, 2017, the defendant was sentenced to a term of 148 months of imprisonment followed by a five-year period of supervised release.

Because the offense to which the defendant pleaded guilty did not involve cocaine base, neither the 2010 FSA nor the 2018 FSA implicate his sentence.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 783, is DENIED.

    ENTER: March 7, 2019

    /s/ *James P. Jones*
    United States District Judge